**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

| | |
|---|---|
| In the Matter of: | Case No.: |
| **SHELTON EDGERTON** | **10-01081-8-RDD** |
| **ANNETTE EDGERTON** | Chapter 12 |
| Debtors. | |

**CHAPTER 12**
**PLAN OF REORGANIZATION**

The Debtors, Shelton and Annette Edgerton, propose the following Chapter 12 Plan of Reorganization for the adjustment of their debts:

**ARTICLE I**
**Summary of the Plan**

This Plan shall continue from the date of the filing of the Chapter 12 Petition, and continue for a period of 60 months from the date the first payment is due under this Plan. The property of the Debtors is being valued, and the clam of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the Plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The Debtor will pay to the Trustee such amounts necessary to satisfy the Liquidation Test over the term of the Plan for Trustee administration and distribution to priority and unsecured creditors. All additional disposable income, if any, will be paid to the Trustee for the distribution to unsecured creditors for the term of the Plan. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

**ARTICLE II**
**Definitions**

1. "Creditors" mean all entities having a claim against the Debtor.

2. "Secured Creditors" means a timely filed claim which has been allowed by the Court or a secured claim which is dealt with in he Plan whether or not a claim is filed.

3. "Claim" means a timely filed claim which has been allowed by the Court or a secured claim which is dealt with in the Plan whether or not a claim is filed.

4. "Effective Date" means the date on which the Order of Confirmation becomes final and non-appealable.

5. "Trustee" means the Chapter 12 Trustee.

6.     "Disposable Income" means all income received by the Debtors annually after deducting operating expenses, living expenses, and Plan payments.

## ARTICLE III
## Property Valuations

The Debtors proposes to value their property as set out in Schedule "A" attached hereto.

## ARTICLE IV
## Liquidation Test

The Debtors' net equity in his property, after deducting the amounts of the secured claims and the Debtors' exemptions is $13,678.00 (see Schedule "A" attached hereto.)

## ARTICLE V
## Disposable Income

The Debtors' projections of gross income, operating expenses, living expenses and Plan payments indicate that the Debtors' farming operation may have an annual disposable income, as defined in § 1225(b)(2), in the amount of $16,598.98 in 2010, which amount shall include a proposed $30,000 living expense to the Debtors for the 2010 crop year. For the term of his Plan, all of the Debtors' disposable income, regardless of the amount, will be paid to the Trustee for payment of costs of administration, priority claims, and distribution to unsecured creditors. (See Exhibit "B").

## ARTICLE VI
## Living Expenses

The Debtors' budget is attached hereto as Exhibit "C". This budget indicates that the farming allowance paid from farming operations will be $30,000 (exclusive of Plan payments) annually. However, the living allowance of the Debtors may be periodically increased or decreased by $1,000.00 or less by approval from the Trustee. Any other changes shall be made only upon application and approval by the Court after notice to all creditors.

## ARTICLE VII
## Classification and Treatment of Claims

1.     **Class I. COSTS OF ADMINISTRATION.** This class includes compensation and expenses of professionals, court costs and all expenses incurred by the Debtor after the filing of his petition and before the entry of he order of confirmation. All cost of administration claims, except compensation and expenses of professionals, including trustee's fees and expenses, and any Debtor's attorney's fees and expenses, and court costs, shall be paid in full within thirty (30) days of the entry of the order confirming the Plan. Claims for compensation and expenses of professionals allowed pursuant to 11 U.S.C. § 330 and court costs shall be due after approval by he Court and paid by the Trustee as and when funds are available for distribution.

2.  **Class II: PRIORITY CLAIMS**. All priority claims shall be paid in full as allowed by the Court as provided in this paragraph and shall be paid by the Trustee as a first priority as and when funds are available for distribution.

Class II-A:   Wayne County Tax Collector.   This creditor has filed a priority claim (Claim Number 6) in the amount of $6,890.75, for property taxes owed on the personal property of the Debtor.

Class II-B:   Internal Revenue Service.   This creditor asserts a priority claim in the approximate amount of $68,238.36.

Class II-C:   North Carolina Department of Revenue.   This creditor has filed a priority claim (Claim Number 10) in the amount of $3,993.56 for taxes owed by the Debtors to the North Carolina Department of Revenue.

Class II Treatment.  **Unsecured Priority Tax Claims**, as described in Sections 507(a)(8) and 1222(a)(2) of the Bankruptcy Code, receive deferred cash payments over a period ending no later than six years after the date of assessment of such Priority Tax Claim, of a value, as of the Effective Date, equal to the full amount of such Priority Tax Claim, with interest on such amount from the Effective Date at an annual rate of interest of 5%. The Class II Unsecured Priority Tax Claims shall be paid in equal quarterly installments of principal and interest, with all unpaid principal and accrued interest due on the sixth anniversary of the date of assessment of such Claim. Payments shall commence on the first day of the third full month following the Effective Date. Unsecured Priority Tax Claims may be prepaid at any time without premium or penalty.

Unsecured Priority Tax Claims that are **Costs and Expenses of Administration** shall be paid in cash in accordance with the treatment afforded Class I creditors.

**Secured Tax Claims** shall retain their secured interest in the property of the Debtor in a manner consistent with the pre-petition security interests and liens asserted by the taxing authority, and accrue interest at the annual rate of 5%. All Secured Tax Claims shall be paid in equal quarterly installments of principal and interest, with all unpaid principal and accrued interest due on the sixth anniversary of the date of assessment of such Claim. Payments shall commence on the first day of the third full month following the Effective Date. Secured Tax Claims may be prepaid at any time without premium or penalty.

3.  **Class III.   CNH CAPITAL AMERICA, LLC**. This creditor filed a secured proof of claim (Claim Number 15) in the amount of $30,787.45. The creditor holds as collateral for this note a Great Plains No-Till Drill, Model 1500. This creditor will be impaired.

Class III Treatment:   The Debtors shall liquidate the collateral securing this obligation and pay net proceeds of sale, less applicable auctioneer commissions, taxes and other regular expenses of sale, to creditor for application against the loan. Any deficiency shall be treated as a General Unsecured Claim.

4.     **Class IV.**     **CNH CAPITAL AMERICA, LLC**.  This creditor filed a secured proof of claim (Claim Number 16) in the amount of $71,321.31.  The creditor holds as collateral for this note a New Holland Tractor, Model TG285.  This creditor will be impaired.

> Class IV Treatment:   The Debtors shall liquidate the collateral securing this obligation and pay net proceeds of sale, less applicable auctioneer commissions, taxes and other regular expenses of sale, to creditor for application against the loan.  Any deficiency shall be treated as a General Unsecured Claim.

5.     **Class V.**     **CNH CAPITAL AMERICA, LLC**.  This creditor filed a secured proof of claim (Claim Number 17) in the amount of $38,539.03.  The creditor holds as collateral for this note a New Holland Tractor, Model T6030.  This creditor will be impaired.

> Class V Treatment:   The Debtors shall liquidate the collateral securing this obligation and pay net proceeds of sale, less applicable auctioneer commissions, taxes and other regular expenses of sale, to creditor for application against the loan.  Any deficiency shall be treated as a General Unsecured Claim.

6.     **Class VI.**     **CNH CAPITAL AMERICA, LLC**.  This creditor filed a secured proof of claim (Claim Number 19) in the amount of $5,174.20.  The creditor holds as collateral for this note a Evhardee Cutter, Model Number LR40160.  This creditor will be impaired.

> Class VI Treatment:  The obligation represented by this obligation shall be treated as a single, fully-secured claim.  Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtors shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%.  The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full.  The Debtors shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter.  Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court.  Annual payments are estimated at $1,007.99.

7.     **Class VII.**     **CNH CAPITAL AMERICA, LLC**.  This creditor filed a secured proof of claim (Claim Number 19) in the amount of $3,698.41.  The creditor holds as collateral for this note a New Holland Hay Tedder, Model 163 Trail.  This creditor will be impaired.

> Class VII Treatment:  The obligation represented by this obligation shall be treated as a single, fully-secured claim.  Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%.  The first payment shall be due on the first

day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $807.78.

8.      **Class VIII.**      **CNH CAPITAL AMERICA, LLC**. This creditor filed a secured proof of claim (Claim Number 20) in the amount of $2,440.50. The creditor holds as collateral for this note a New Holland Rake, Model 57 Mounted. This creditor will be impaired.

Class VIII Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%. The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $510.67.

9.      **Class IX.**      **CNH CAPITAL AMERICA, LLC**. This creditor filed a secured proof of claim (Claim Number 21) in the amount of $9,981.05. The creditor holds as collateral for this note a New Holland Square Baler, Model 575 Mounted. This creditor will be impaired.

Class IX Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%. The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $2,041.50.

10. **Class X.** **CNH CAPITAL AMERICA, LLC**. This creditor filed a secured proof of claim (Claim Number 22) in the amount of $10,113.59. The creditor holds as collateral for this note a Case International Cotton Picker, Model 2155. This creditor will be impaired.

Class X Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%. The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $1,970.18.

11. **Class XI.** **CNH CAPITAL AMERICA, LLC**. This creditor filed a secured proof of claim (Claim Number ___) in the amount of $14,651.98. The creditor holds as collateral for this note a New Holland Mower Conditioner. This creditor will be impaired.

Class XI Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%. The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $2,813.22.

12. **Class XII.** **AGCO FINANCE**. This creditor filed a secured proof of claim (Claim Number 4) in the amount of $23,710.22. The creditor holds as collateral for this note a Kelly 8-Row Strip Till Planter. This creditor will be impaired.

Class XII Treatment: The Debtors shall liquidate the collateral securing this obligation and pay net proceeds of sale, less applicable auctioneer commissions, taxes and other regular expenses of sale, to creditor for application against the loan. Any deficiency shall be treated as a General Unsecured Claim.

13. **Class XIII.** **JOHN DEERE CREDIT**. This creditor filed a secured proof of claim (Claim Number 7) in the amount of $24,959.44. The creditor holds as collateral for this note a 1997 New Holland TR98 Combine with Head. This creditor will be impaired.

Class XI Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%. The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $4,754.18.

14. **Class XIV.** **FCB FINANCIAL, F.S.B.**. This creditor filed a secured proof of claim (Claim Number 8) in the amount of $11,633.27. The creditor holds as collateral for this note a New Holland TR98 Combine with Attachments. This creditor will be impaired.

Class XIV Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%. The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $2,248.24.

15. **Class XV.** **USDA FARM SERVICE AGENCY.** USDA Farm Service Agency filed a secured claim (Claim Number 7) in the amount of $22,545.79. This claim is secured by all of the Debtors' farm equipment, and secures a future advance clause and the security agreement contains an after-acquired property clause (excepting crops). This claim will be impaired.

Class XV Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a

period of 60 months at the non-default contract interest rate. The first payment shall be due on February 1, 2011; remaining payments shall be made on the first day of such month for successive years until this obligation is paid in full. The Debtors shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtors' failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $5,117.88.

16. **Class XVI.** **BRANCH BANK & TRUST COMPANY**. BB&T filed a secured claim (Claim Number 9) in the amount of $307,400.53, and holds as collateral for this note a first-priority deed of trust on the Debtors' residence. This claim will be impaired.

Class XVI Treatment: The repayment of this claim shall be governed by the terms of Debtors' pre-petition loan documents with BB&T, and Debtors shall continue to make regular monthly payments at the non-default contract rate of interest.

17. **Class XVII.** **BRANCH BANK & TRUST COMPANY**. BB&T asserts a secured claim in the amount of $34,048.86, and holds as collateral for this note a second-priority deed of trust on the Debtors' residence. This claim will be impaired.

Class XVII Treatment: In accordance with the provisions of 11 U.S.C. § 506(d), the Debtors shall avoid the deed of trust securing this claim as there is no equity in the subject property to support it. This claim shall be therefore treated as a General Unsecured Claim.

17. **Class XVII.** **BRANCH BANK & TRUST COMPANY**. BB&T filed a secured claim (Claim Number 13) in the amount of $7,223.65, and holds as collateral for this note a 2002 GMC Truck. This claim will be impaired.

Class XVII Treatment: The Debtors shall liquidate the collateral securing this obligation and pay net proceeds of sale, less applicable auctioneer commissions, taxes and other regular expenses of sale, to creditor for application against the loan. Any deficiency shall be treated as a General Unsecured Claim.

18. **Class XVIII.** **BRANCH BANK & TRUST COMPANY**. BB&T holds a secured claim in the approximate amount of $6,979.10. BB&T holds as collateral for this claim a first lien on the title of a 2006 Ford F-150 Truck. This class will be impaired.

Class XVIII Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of monthly payments over a period of 72 months at the non-default contract interest rate. The first payment shall be due on the first day of the first full month following the Effective Date; remaining payments shall

be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Monthly payments are estimated at $119.34.

19. **Class XIX.** **CITICAPITAL COMMERCIAL CORP.**. This creditor asserts a secured claim in the approximate amount of $12,000.00. The creditor holds as collateral for this note a Bobcat Skid Steer Loader. This creditor will be impaired.

Class XIX Treatment: The obligation represented by this obligation shall be treated as a single, fully-secured claim. Upon confirmation this creditor shall retain its liens pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 72 months at the annual interest rate of 5%. The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made on the first day of such month on the successive year until this obligation is paid in full. The Debtor shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtor's failure to cure any delinquent payment, Creditor shall be entitled to relief from the automatic stay and may exercise any and all state law remedies as it deems appropriate without further notice or hearing by the Bankruptcy Court. Annual payments are estimated at $2,319.11.

20. **Class XX.** **FIRST NATIONAL EQUIPMENT FINANCING**. This creditor filed a secured proof of claim (Claim Number 25) in the amount of $13,954.59. The creditor holds as collateral for this alleged lease certain Johnnie Sheppard Trailers, Power Unit, Dump Box, Box Scales and related items. This creditor will be impaired.

Class XX Treatment:  The Debtors shall liquidate the collateral securing this obligation and pay net proceeds of sale, less applicable auctioneer commissions, taxes and other regular expenses of sale, to creditor for application against the loan. Any deficiency shall be treated as a General Unsecured Claim.

21. **Class XXI.** **WELLS FARGO**. This creditor filed a proof of claim (Claim Number 26) in the amount of $135,315.23 relating to certain leased equipment, including: four Long Curing Barns, three Taylor Barns, one Sheppard Loader Box and one 2004 New Holland Dozer. This creditor will be impaired.

Class XXI Treatment:  The Debtors shall surrender to the creditor the equipment subject to creditor's lease. Any deficiency shall be treated as a General Unsecured Claim.

22. **Class XXII.** **CROP PRODUCTION SERVICES**. This creditor asserts a deficiency claim in the approximate amount of $225,000 previously secured by the Debtors' 2008 crops. This claim

will be impaired.

Class XXII Treatment: This claim shall be treated as a General Unsecured Claim.

23. **Class XXIII. BANK OF HAMPTON ROADS**. Bank of Hampton Roads asserts a secured claim in the approximate amount of $730,205.01, and holds as collateral for this note a first-priority lien and deed of trust is certain real estate, including: (i) 39.05 acres, together with turkey houses and related improvements; (ii) 19.09 acres; and (iii) 73.53 acres. This class will be impaired.

Class XXIII Treatment: Bank of Hampton Roads claim shall be bifurcated into a secured claim in the amount of $500,000 and an unsecured claim in the amount of any balance asserted by Bank of Hampton Roads against the Debtors in excess of $500,000. As to the secured portion of creditor's claim, Bank of Hampton Roads shall retain its lien pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 360 months at the annual interest rate of 5.00%. The first payment shall be due on the first day of the twelfth full month following the Effective Date; remaining payments shall be made annually on the first day of such thereafter until this obligation is paid in full. For feasibility purposes the annual payment to this creditor is estimated at $32,210.

The unsecured portion of Bank of Hampton Roads' claim shall be treated as an unsecured claim in accordance with the treatment proposed for the holders of General Unsecured Claims.

The Debtors shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtors' failure to cure any delinquent payment, Bank of Hampton Roads shall be entitled to seek relief from the automatic stay in order to exercise any and all state law remedies she may deem appropriate. The Debtors shall execute such loan documentation as Bank of Hampton Roads may reasonably require to reflect this treatment.

24. **Class XXIV. BANK OF HAMPTON ROADS**. Bank of Hampton Roads asserts a secured claim in the approximate amount of $475,000, and holds as collateral for this note a second-priority lien and deed of trust is certain real estate, including: (i) 39.05 acres, together with turkey houses and related improvements; (ii) 19.09 acres; and (iii) 73.53 acres. This class will be impaired.

Class XXIV Treatment: In accordance with the provisions of 11 U.S.C. § 506(d), the Debtors shall avoid the deed of trust securing this claim as there is no equity in the subject property to support it. This claim shall be therefore treated as a General Unsecured Claim.

25. **Class XXV. BANK OF HAMPTON ROADS**. Bank of Hampton Roads asserts two secured claims in the approximate aggregate amount of $429,841, and holds as collateral for these notes certain liens and security interests in personal property of the Debtors, including: (i) farming equipment; (ii)

cash and account receivable; and (iii) government payments. This class will be impaired.

Class XXV Treatment: These Bank of Hampton Roads claims shall be bifurcated into a secured claim in the amount of $400,000 and an unsecured claim in the amount of any balance asserted by Bank of Hampton Roads against the Debtors in excess of $400,000. As to the secured portion of creditor's claim, Bank of Hampton Roads shall retain its lien pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 180 months at the annual interest rate of 5.00%. The first payment shall be due on February 1, 2011; remaining payments shall be made annually on the first day of such month thereafter until this obligation is paid in full. For feasibility purposes the annual payment to this creditor is estimated at $37,958.09.

The unsecured portion of Bank of Hampton Roads' claim shall be treated as an unsecured claim in accordance with the treatment proposed for the holders of General Unsecured Claims.

The Debtors shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtors' failure to cure any delinquent payment, Bank of Hampton Roads shall be entitled to seek relief from the automatic stay in order to exercise any and all state law remedies she may deem appropriate. The Debtors shall execute such loan documentation as Bank of Hampton Roads may reasonably require to reflect this treatment.

26. **Class XXVI.  UNSECURED CLAIMS.**  This class consists of all allowed, undisputed, non-contingent unsecured claims timely filed with this Court or with the Trustee, as otherwise approved by he Court, deficiency claims of partially secured creditors, and unsecured claims of creditors described in this Plan. The claims of unsecured creditors listed in the Petition total $273,142.16.

Class XII Treatment: The Debtors will pay to the Trustee all disposable income for the term of the Plan, which shall be five (5) years, but no less than a total of $13,678.00 which represents the amount the priority and unsecured creditors would have received if the assets of the Debtors was liquidated and the net equity, after exemptions, distributed to unsecured creditors. The amount so paid shall be distributed by the Trustee first to the administrative claims, second to priority claims, and then the balance to unsecured creditors on a *pro rata* basis.

## ARTICLE VIII
### Execution of the Plan

The Debtors propose to continue their farming operating and employment and make the Plan payments out of all income as defined by 11 U.S.C. § 1207. The Debtors' projections of income, operating expenses, living expenses, and Plan payments are as reflected in Schedule "C" attached hereto.

As the Debtors derive their primary income from the sale of cotton, wheat and soybeans, timing of payments under this Plan may vary, as due dates described in this Plan for payments by the Debtor shall coincide with the same of his crops. The Debtors generally expects to sell his cotton and beans during the month(s) of September through November. In the event of a catastrophic loss of a crop, the Debtors shall have the right to defer a payment due to a secured creditor described in this Plan and add said payment to the end of the term of the Plan and to extend the term of the Plan for the time necessary to make up any such deferred payments. During the term of the Plan, the Debtors shall have the right to defer not more than two (2) payments due to any secured creditor from the sale of his crops, without a court order. If the Debtors elect to defer a payment called for herein, Debtors shall give written notice of said deferment to the creditors entitled to such payments and the Trustee, along with a description and evidence supporting the catastrophic loss of his crops. Deferral of more than (2) payments during the term of this Plan shall require an order of this Court.

Debtors retain the right to prepay any debt referenced herein without penalty.

## ARTICLE IX
## Modification to Plan After Confirmation

The Debtors may request this Court to modify his Plan before or after confirmation in accordance with the provisions of 11 U.S.C. §§ 1223 and 1229 and the terms of this Plan. In addition, the Debtors may request and the Court, after notice to the affected creditor or creditors, the Trustee and a hearing, may approve modification of the long-term debt for cause at any time prior to the entry of the Debtors' discharge or termination of the Plan, whichever is earlier.

## ARTICLE X
## Retention of Liens

Except as provided in this Plan, all claims of creditors whose claims are treated as undisputed secured claims in this Plan shall retain their liens on the collateral securing their respective claims, as modified herein, until such claims are paid in full in the amount allowed as secured. In the event of default in the payment of any secured claim, the secured creditor's claim shall be limited to the balance due on the secured claim as allowed by the Plan.

## ARTICLE XI
## Sales Free of Interest

The Debtors, during the term of this Plan, may sell property free and clear of interests as provided in 11 U.S.C. § 1206 at public auction, after notice to creditors as required and the interests shall attach to the proceeds of sale, subject to further orders of this Court for distribution of sale proceeds.

## ARTICLE XII
## Automatic Stay

Notwithstanding the entry of an Order Confirming this Plan, the automatic stay provided by 11 U.S.C. § 362 shall continue in effect as to all property retained by the Debtor until the earlier of: (1) the

Plan's completion or termination; (2) a dismissal of this case pursuant to § 1207(c); (3) the discharge is entered; or, (4) an order is entered lifting the say. The automatic stay shall not apply to future crops, animals, or property given as collateral for post-confirmation operation loans. Notwithstanding, anything to the contrary, all secured creditors hall continue to send regular billing statements to Debtors and are authorized to communicate directly with Debtor after confirmation regarding their claims and security.

## ARTICLE XIII
### Default in Payment of Secured Claims

In the event the Debtors default in his payments to a secured creditor, then the secured creditor may file a motion to lift the automatic stay. The Court, after notice and a hearing if requested by the Debtors, shall hear and rule on the motion as provided by law.

## ARTICLE XIV
### General Provisions

Except as provided in the Plan, the Order Confirming Plan vests all property of the estate of the Debtors free and clear of all liens and encumbrances.

The Court shall retain jurisdiction over the Debtors and their property for the term of the Plan.

The Debtors shall have the right to grant security interests in crops for his farming operation. In addition, the Debtors may, upon approval of the Court, after appropriate Notice and hearing, grant a deed of trust on real property or a security interest in personal property for the purpose of obtaining necessary financing subject to the provisions of 11 U.S.C. § 364. In addition, Debtors may grant security interests in proceeds from the sale of crops for future advances of credit up to $75,000, without Court Orders.

## ARTICLE XV
### Discharge

Upon the Debtors' compliance with the provisions of the Plan for the term of the Plan, the Court shall enter an Order of Discharge, which discharges the Debtors from all claims provided for in the Plan except as provided in 11 U.S.C. § 1222(b)(5) and (9) and 11 U.S.C. § 523(a).

This the 5th day of May, 2010.

                                      AYERS & HAIDT, P.A.

BY: /s/ David J. Haidt
     DAVID J. HAIDT
     Attorney for Debtor
     P.O. Box 1544
     New Bern, NC 28563
     (252) 638-2955
     (252) 638-3293 facsimile
     N.C. State Bar No. 22092

Debtors:

/s/ Shelton B. Edgerton
Shelton B. Edgerton

/s/ Annette Edgerton
Annette Edgerton

# SCHEDULE "A"
# Liquidation Analysis

| **PROPERTY:** | **PLAN VALUE:** | **LIENHOLDER:** | **AMOUNT OF LIEN:** | **EXEMPTION:** | **EQUITY:** |
|---|---|---|---|---|---|
| Residence & 1.75 Acres 1011 Old Kenley Rd. | $217,690.00 | BB&T (1st DOT) BB&T (2nd DOT) | $307,400.53 $34,048.86 | N.C. Gen. Stat. § 1601(a)(1) $-0- equity | $-0- |
| 39.05 Acres and (4) Turkey Houses 1074 Old Kenley Rd. | $231,050.00 | The Bank of Hampton Roads (1st DOT) | $730,205.01 | $-0- | $-0- |
| 19.90 Acres Nahunta Road | $46,180.00 | The Bank of Hampton Roads (2nd DOT) | $475,000.00 | | |
| 73.53 Acres w/old farmhouse, pack house and shelters | $144,560.00 | | | | |
| Cash on hand and in banks | $30,170.29 | Bank of Hampton Roads | > $400,000 | $-0- | $-0- |
| Misc. Household goods and personal | $27,450.00 | None | None | $10,000.00 N.C. Gen. Stat. § 1604(a)(4) AND Overage on HHG N.C. Gen. Stat. § 1601(a)(2) $5,000.00 | $12,450.00 |
| Retirement Plan – Allianz (Wife) | $28,088.58 | None | None | N.C. Gen. Stat. § 1601(a)(9) $28,088.58 | $-0- |
| Stock in Waters Backhouse, Inc. | $15,000.00 | None | None | None | $15,000.00 |
| Stock in C&E Enterprises of Eastern NC, LLC | $-0- | None | None | None | $-0- |
| Stock in Edgerton Family Farms, LLC | $-0- | None | None | None | $-0- |
| Account Receivables | $100,000.00 | Bank of Hampton Roads | > $400,000 | None | $100,000.00 |
| 2006 Ford F-150 | $10,000.00 | BB&T | $6979.10 | N.C. Gen. Stat. § 1601(a)(3) $3,020.00 | -0- |
| 1988 Black Ford F-250 Pickup | $2,000.00 | None | None | None | $2,000.00 |
| 2003 White Ford 250 Pickup | $10,000.00 | None | None | None | $10,000.00 |
| 1997 Ford Blue 150 Pickup | $2,000.00 | None | None | None | $2,000.00 |
| 1995 White Ford F-250 Pickup | $2,000.00 | None | None | None | $2,000.00 |
| 2002 GMC Truck (50% interest) | $15,000.00 | BB&T | $7,223.65 | N.C. Gen. Stat. § 1601(a)(3) $3,500.00 | Property to be sold |

| | | | | | |
|---|---|---|---|---|---|
| Kelly 8 Row RIP Strip Planter | $26,000.00 | AGCO | $23,710.22 | $-0- | Property to be sold |
| Bobcat Skidder Steer Loader w/litter bkt | $12,000.00 | Citicapital Comm. Corp. | $12,000.00 | $-0- | $-0- |
| New Holland Grain Drill | $30,000.00 | CNH Capital America | $30,787.45 | $-0- | Property to be sold |
| New Holland T6030 Tractor | $45,000.00 | CNH Capital America | 38,589.03 | $-0- | Property to be sold |
| 1995 Case Intern. Cotton Picker 2155 (50% ownership) | $10,000.00 | CNH Capital America | $10,113.59 | $-0- | $-0- |
| NH TG 285 Tractor | $100,000.00 | CNH Capital America | $71,321.31 | $-0- | Property to be sold |
| Hardee Cutter | $5,436.15 | CNH Capital America | $5,174.20 | $-0- | $261.95* |
| NH Hay Tedder (50% ownership) | $4,107.00 | CNH Capital America | $3,698.41 | $-0- | $408.59* |
| NH Square bailer (50% ownership | $14,000.00 | CNH Capital America | $9,981.05 | $-0- | $4,018.95* |
| NH Mower Conditioner #1412 (50% ownership) | $17,000.00 | CNH Capital America | $14,279.00 | $-0- | $2,721.00* |
| NH Rake (50% ownership) | $2,592.00 | CNH Capital America | $2,440.50 | $-0- | $151.50* |
| (3) Tobacco trailers; JS dump box; JS unloader; HS 10HP ACC; JS scales; JS stripper trailer (50% ownership | $45,000.00 | First national Equipment Financing | $11,633.27 | $-0- | Property to be sold |
| 1997 NH TR 98 Combine & Acces. (50% ownership) | $45,000.00 | John Deer Credit | $24,959.44 | $-0- | $33,366.73* |
| Lease purchase 4 long tob. Curing barns | $16,000.00 | Wells Fargo Financial Leasing | $135,315.23 | | Property to be surrendered |
| Lease purchase 3 taylor tob. Barns | $24,000.00 | | | | |
| Lease purchase 2004 NH Dozier | $30,000.00 | | | | |
| Sheppard Loader Box Handler | $8,000.00 | | | | |
| Bobcat SS loader (50% owner) | $15,000.00 | Farm Service Agency | $23,000 | $-0- | $-0- |
| KMC 8 row stripper bedder strip w/8 row white planter | $20,000.00 | Farm Service Agency Bank of Hampton Roads | $23,000 (FSA) | $-0- | $-0- |
| Misc. Farm Equipment (50% owner) | $40,750.00 | USDA Farm Service Bank of Hampton Roads Bank of Hampton Roads | $22,545.79 $204,841.43 $224,998.70 | $-0- | $-0- |

16

| Miscellaneous Farm Equipment | $227,650.00 | USDA Farm Service | $22,545.79 | $-0- | $-0- |
|---|---|---|---|---|---|
| | | Bank of Hampton Roads | $204,841.43 | | |
| | | Bank of Hampton Roads | $224,998.70 | | |
| Teapot Collection | $5,000.00 | None | None | $5,000.00 N.C. Gen. Stat. § 1601(a)(2) | $-0- |
| Remainder Tobacco Buyout Money | Unknown | USDA Farm Service | Unknown | $-0- | $-0- |

\*Equity in this equipment is not counted in Debtors' total equity as USDA Farm Service and Bank of Hampton Roads claim a blanket lien against all of the Debtors' farm equipment/machinery

**TOTAL EQUITY:** **$141,145.00**

## SCHEDULE "B"
## Liability Analysis and Equity Distribution

EQUITY IN DEBTOR'S ASSETS $ 123,645.00

ADMINISTRATIVE CLAIMS (Estimated):

| | |
|---|---|
| Trustee fees and Expenses | $10,000.00 |
| David J. Haidt, Attorney for Debtor | $20,000.00 |
| Accountant | $Unknown |

LESS ADMINISTRATIVE CLAIMS: ($30,000.00)

| | |
|---|---|
| Internal Revenue Service | $40,238.36 |
| Internal Revenue Service | $28,000.00 |
| NC Dept. of Revenue (estimated) | $4,904.00 |
| Wayne County Tax Collector | $6,823.88 |

LESS PRIORITY CLAIMS: ($79,966.24)

**TOTAL EQUITY:** **$13,678.00**

**Estimated Minimum Distribution
   To Unsecured:** **$13,678.00**
**(Total Unsecured Claims: $273,142.16)**

## SCHEDULE "C" PROJECTION OF FARM INCOME AND EXPENSES (2008)

**INCOME (estimated):**

400 Acres of cotton
350 Acres of Soy Beans
100 Acres Hay

Crop Income
    Hay    $30,750
    Cotton    $217,600
    Soybeans    $133,000
    Turkeys    $80,000
    2010 Participation: FSA Program    $40,000

Annette Edgerton's Net Salary $4414.46 x 12 months    $52,969.92

**TOTAL GROSS PROJECTED REVENUE:**    **$ 554,319.92**

**EXPENSES (estimated):**

**Crop Costs**:
Fertilizers & Chemical    $132,200.00
Fuel    $35,000.00
Repairs    $28,000.00
Misc    $5,000.00
Health Insurance    $11,061.00
Utilities    $18,000.00
Crop Insurance    $19,000.00
Unemployment    $600.00
Property Tax    $7,000.00
Payroll    $40,000.00
Payroll Tax    $4,000.00
Rent (Land)    $51,000.00
Insurance = Property, Liability    $15,000.00
    (Equipment, Auto, Umbrella)

TOTAL EXPENSES:    ($365,861.00)

**BALANCE OF FUNDS AFTER EXPENSES:**    **$188,458.92**

**DEBT SERVICE PAYMENTS (estimated annual obligations):**

| | |
|---|---|
| BB&T (Residence & 1.75 Acres – 1st DOT) | $30,920.52 ($2576.71 x 12) |
| BB&T (Residence & 1.75 Acres – 2nd DOT) | Lien to be avoided (§ 506(d)) |
| Bank of Hampton Roads (39.05 acres, 19.90 Acres, and 73.53 acres – 1st DOT) | $32,210.00 |
| Bank of Hampton Roads (39.05 acres, 19.90 Acres, and 73.53 acres – 2nd DOT) | |
| BB&T 2006 Ford F-150 | $1,432.08 ($119.34 x 12) |
| BB&T 2002 GMC Truck | Surrender |
| AGCO Kelly 8 Row Strip Planter | Surrender |
| Citicapital – Bobcat Skidder | $2,319.11 |
| CNH Capital – New Holland Grain Drill | Surrender |
| CNH Capital – New Holland T6030 Tractor | Surrender |
| CNH Capital - 1995 Case Int. Cotton Picker 2155 | $1,970.18 |
| CNH Capital – NH TG 285 Tractor | Surrender |
| CNH Capital – Hardee Cutter | $1,007.99 |
| CNH Capital - NH Hay Tedder | $807.78 |
| CNH Capital – NH Square Bailer | $2,041.50 |
| CNH Capital – NH Mower Conditioner #1412 | $2,813.22 |
| CNH Capital – NH Rake | $510.67 |
| First National Equipment Financing | Surrender |
| John Deer Credit | $4,754.18 |
| Wells Fargo | Surrender |
| Bank of Hampton Roads – First Blanket lien equip. | $37,958.09 |
| Bank of Hampton Roads – Second Blanket lien equip. | |
| USDA Farm Service – Tobacco Buyout Money | No payment |
| USDA - Equipment | Paid by equipment sales |
| FCB Financial | $2,248.24 |

**Total Plan Payments:**                                              **$120,993.56**

**Net Estimated Income After Expenses,
and Debt Service**                                                    **$67,465.36**

LESS:  Priority Tax Claims (Repayment over 60 Months)     $18,116.38*

  *annual payment at 5.00% interest

LESS:  Annual payments to Unsecured Creditors necessary to     $2,750.00
            Satisfy Liquidation Test

LESS:  Projected Allowance to Debtors                                    $30,000.00

**NET DISPOSABLE INCOME TO UNSECURED
CREDITORS (2010):**                                                    **$ 16,598.98**